*103789426 1*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ROBERT CARTWRIGHT, ) | CJ-2017-03520 |
| Plaintiff, ) | Case No.: _____ |
| ) | Honorable Judge: LINDA G. MORRISSEY |
| v. ) | |
| ) | |
| IC BUS, LLC, a foreign for-profit business, ) | ATTORNEY LIEN CLAIMED |
| ) | DISTRICT COURT FILED |
| Defendant. ) | SEP - 5 2017 |
| | DON NEWBERRY, Court Clerk |
| | STATE OF OKLA. TULSA COUNTY |

**PETITION**

COMES NOW the Plaintiff, Robert Cartwright, by and through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against Defendant, IC Bus, LLC, for violation of his constitutionally protected rights arising out of his employment and termination by said Defendant.

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by the Age Discriminating in Employment Act of 1967 as amended by 29 U.S.C. 621 et seq. ("ADEA"), the Americans with Disabilities Act of 2008 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, as well as the Oklahoma Anti-Discrimination Act ("OADA").

2. The Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3. Defendant IC Bus, LLC is a foreign for-profit business corporation doing business in Tulsa County, Oklahoma and employees around 1,000 employees in Tulsa County, Oklahoma.

1

EXHIBIT 1

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff, Robert Cartwright, incorporates as if realleged all previous paragraphs.

7. Plaintiff began his employment with Defendant on or around February 2001 as a General Tech.

8. Plaintiff was fifty-nine (59) years old at the time of his wrongful discharge in 2016.

9. Plaintiff worked successfully as a General Tech since his employment began.

10. Plaintiff injured his wrist around June of 2013 and since that time has had a lifting restriction.

11. Plaintiff's disability adversely effected his life activities, including lifting. However, Plaintiff continued to perform his duties for another three (3) years with an accommodation.

12. However, in March of 2016, a co-worker falsely accused Plaintiff of leaving a written note containing joke in co-workers locker.

13. Defendants wrongly discharged Plaintiff under the pretext of misconduct, even though: 1) Plaintiff denied the leaving the joke in his co-worker's locker; 2) two other co-workers were found to have been the ones responsible for leaving the joke; 3) and the joke was non-offensive.

EXHIBIT 1

14. Plaintiff was discharged for this unsubstantiated accusation of harassment although his younger, non-disabled co-worker, Rebekah Foster, admitted to leaving the note and was only suspended for three (3) days. Rebeckah Foster was in her twenties and had previous disciplinary write-ups.

15. Another non-disabled co-worker, Veran (last name unknown) was also involved in placing the joke in the locker but was not discharged for his part in the incident either.

16. The Defendants showed disparate treatment to Plaintiff, a disabled employee over the age of forty (40) years, compared to younger, non-disabled employees.

17. The Defendant, IC Bus, LLC, wrongfully discharged Plaintiff on or around March 23, 2016, despite his satisfactory work history and the fact he was not involved in the alleged misconduct. Furthermore, Plaintiff's younger, non-disabled co-workers were not discharged after admitting to the conduct Plaintiff was allegedly discharged over.

18. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On November 1, 2016, Plaintiff signed a formal Charge of Discrimination with the EEOC.

19. A Notice of Suit Rights was mailed on or about June 8, 2017, and this Petition is being filed within ninety (90) days of receipt of this Notice of Suit Rights. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

20. Plaintiff was discharged as a result of his disability, as protected under the ADA as amended by the ADAAA, and as a result of his age, as protected under the ADEA.

EXHIBIT 1

## FIRST CLAIM OF RELIEF
### (Discrimination Based on Disability: ADAAA and the Oklahoma Anti-Discrimination Act (25 Okla. Stat. § 1302)))

21. Plaintiff incorporates as if realleged the proceedings paragraphs.

22. The effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability and/or the perception of his disability.

23. The Defendant's actions in subjecting Plaintiff to disparate treatment and wrongful discharge due to his disability, or perceived disability, is in violation of the ADA as amended by the ADA Amendments Act and the Oklahoma Anti-Discrimination Act (OADA) 25 Okla Stat. § 1302

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for intentional and knowing acts of discrimination committed by the Defendant's management.

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### (Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 et seq.) and the Oklahoma Anti-Discrimination Act (25 Okla. Stat. § 1302))

24. The preceding paragraphs are incorporated herein by reference.

25. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 et seq, and the Oklahoma Anti-Discrimination Act (OADA) 25 Okla Stat. § 1302.

EXHIBIT 1

26. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to discipline and termination in violation of the ADEA and the OADA.

27. Defendants' willful discriminatory practices have resulted in the loss of past and future wages and other job benefits.

28. Defendant committed the acts alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

29. Upon information and believe, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA and the OADA.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Back pay and lost benefits; front pay until normal retirement;
   b. Liquidated damages for the willful intentional and knowing acts of discrimination committed by Defendants.
   c. Plaintiff's attorney fees and the costs and expense of this action;
   d. Such other relief as the Court deems just and equitable.

## CONCLUSION

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, liquated damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits well as ground pay until normal retirement, reasonable attorney fees and costs, and all other relief deemed appropriate by this Court.

EXHIBIT 1

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Daniel E. Smolen, OBA #19943
Lauren G. Lambright, OBA #22300
701 S. Cincinnati Ave
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
**Attorneys for Plaintiff**

**EXHIBIT 1**